# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-07-43-M |
| | ) | |
| CHRISTOPHER S. SNIDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant Christopher S. Snider's *Pro Se* Rule 60(b) Motion for Relief From Final Judgment ("defendant's 60(b) Motion"), filed June 7, 2012. On June 28, 2012, the government filed its response, and on August 1, 2012, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

When analyzing Rule 60(b) motions in habeas cases, a district court must first determine whether the motion is a "true Rule 60 motion" or a second or successive petition. *Spitznas v. Boone*, 434 F.3d 1213, 1216 (10th Cir. 2006). The Tenth Circuit has clarified that:

> a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.
>
> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim

> previously denied; or a motion "seek[ing] vindication of" a habeas
> claim by challenging the habeas court's previous ruling on the merits
> of that claim.

*Id.* at 1215-16 (10th Cir. 2006) (internal citations omitted). " If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion." *Id.* at 1217. However, if the district court concludes that the motion is actually a second or successive petition, it should refer the matter to the appellate court for authorization under 28 U.S.C. § 2244(b)(3). *Id.* Thus, "[i]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Duran*, 454 F. App'x 671, 675 (10th Cir. 2012).

Here, the Court finds that defendant's motion is not a "true" Rule 60(b) motion; rather, the Court concludes that defendant's motion is a second or successive petition. Specifically, the Court's Order dismissing defendant's § 2255 motion explicitly noted that the Supreme Court has yet to extend *Brady*[1] to guilty pleas. [docket no. 276] at p. 2 n. 5 (citing *United States v. Santa Cruz*, 297 F. App'x 300, 301 (5th Cir. 2008)). Now, the crux of defendant's 60(b) motion is "that the government violated [defendant's] U.S. Constitutional and Due Process Rights wherein the 14th Amendment's fair-trial guarantee requires prosecutors to turn over all exculpatory material in the [government's] possession prior to the accused entry of his guilty plea." Defendant's 60(b) Motion, at pp. 8-9. Upon careful review of the parties' submissions, the Court finds that defendant's 60(b) motion seeks a federal basis of relief from his underlying conviction by challenging the Court's

---

[1] In *Brady v. Maryland*, 373 U.S. 83, the Supreme Court held that the government has an obligation to disclose material information that is in its possession. However, as noted in this Court's Order dismissing defendant's § 2255 motion, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one . . . ." and "the Supreme Court has yet to extend *Brady* to guilty pleas . . . ." [docket no. 276] at p. 2 n. 5 (citations and quotations omitted).

2

ruling on the merits of the claims.

Accordingly, the Court concludes, in the interest of justice, that this matter should be transferred to the appellate court. 28 U.S.C. § 1631.

**IT IS SO ORDERED this 13th day of August, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE